**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Southern Division)**

| | | |
|---|---|---|
| LILIANA ABIGAIL CLAVIJO GALARZA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Civil Action No.  8:25-cv-00095-AAQ |
| | * | |
| SUBURBAN DENTAL ASSOCIATES, | * | |
| INC. et al., | * | |
| | * | |
| Defendants. | * | |
| | ****** | |

## MEMORANDUM OPINION AND ORDER

This is a dispute over unpaid wages and overtime under the Fair Labor Standards Act, 29 U.S.C. §§ 201–219, and Maryland state law.  Pending before the Court is a Joint Motion for Approval of Settlement ("Joint Motion") of said dispute between the parties pursuant to 29 U.S.C. § 216.  ECF No. 37.  For the reasons discussed below, the Joint Motion shall be granted.

## BACKGROUND

According to the Complaint and the Joint Motion, Plaintiff Liliana Abigail Clavijo Galarza alleges she was formerly employed by Defendants Suburban Dental Associates, Inc., and Imtiaz Noor, DDS as a dental assistant at their dental office which operates under the name of Aesthetic Family Dental and Implant Center.  ECF No. 1, at 2, 5; ECF No. 37, at 2.  Plaintiff received a paycheck every two weeks but did not always cash her check immediately.  ECF No. 1, at 6; ECF No. 37, at 2.  After she quit her employment on May 9, 2024, she attempted to deposit nine paychecks, totaling $10,707.46.  ECF No. 1, at 6; ECF No. 37, at 2.  However, she alleges that she was unable to deposit any of the nine paychecks even though they had not expired.  ECF No. 1, at 6; ECF No. 37, at 2.  Defendants dispute Plaintiff's allegations.  They assert that they had properly

1

attempted to pay Plaintiff and, thus, owed her no further wages.  ECF No. 25, at 4; ECF No. 37, at 2.  They further dispute that they are covered by either enterprise or individual coverage under the FLSA.  ECF No. 15, at 2–3; ECF No. 37, at 2.  Defendants further deny the applicability of any liquidated or statutory damages.  ECF No. 37, at 2.

On January 10, 2025, Plaintiff filed the instant lawsuit against Defendants, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219; the Maryland Wage and Hour Law (MWHL), Md. Code Ann., Lab. & Empl. § 3-413; and the Maryland Wage Payment Collection Law (MWPCL), Md. Code Ann., Lab. & Empl. §§ 3-501–3-509.  ECF No. 1.  Defendants filed a Motion to Dismiss on May 12, 2025, ECF No. 15, which the Court denied following briefing and a hearing.  ECF Nos. 16, 19, 20, 23.  Defendants subsequently filed an Answer on January 13, 2026.  ECF No. 25.

On March 25, 2026, the Parties engaged in a remote settlement conference with the undersigned.  ECF No. 36.  During the settlement conference, the Parties were able to reach a resolution, and, on April 13, 2026, the parties signed a settlement agreement.  ECF No. 37, at 1–2.  On April 14, 2026, the parties filed a Joint Motion for Approval of the Settlement Agreement.  ECF No. 37.  The agreement was preceded by a $10,707 payment from Defendants to Plaintiff on September 29, 2025, representing the value of the nine paychecks of Plaintiff's wages which she was unable to cash.  ECF No. 37, at 2.  Therefore, the payments agreed to in the Settlement Agreement represent Plaintiff's liquidated damages, and Plaintiff's attorneys' fees and costs.  *Id.*  Under the Settlement Agreement, the Plaintiff would receive an additional $8,800, which added to the $10,707 payment, is a total of $19,507 or 1.82x her damages.  *Id.* at 2–3.  Plaintiff's Counsel would receive $21,200 for attorneys' fees and costs.  *Id.* at 3.  The parties also request that the Court maintain continuing jurisdiction over this case to supervise settlement payments.  *Id.* at 11.

2

Within ten days of Defendants making all payments to Plaintiff and Plaintiff's counsel, the parties agree to file a Notice of Stipulated Dismissal with the Court, dismissing Plaintiff's claims against Defendants with prejudice.  *Id.*

On April 23, 2026, the case was reassigned to my Chambers for resolution of the Joint Motion and all further proceedings.  ECF No. 38.

## ANALYSIS

Settlement agreements that resolve claims pursuant to the FLSA must receive court approval.  *Gionfriddo v. Jason Zink LLC*, No. RDB-09-1733, 2011 WL 2791136, at *2 (D. Md. July 15, 2011) (citing *Hoffman v. First Student, Inc.*, No. WDQ-06-1882, 2010 WL 1176641 at *2 (D. Md. Mar. 23, 2010)).  Courts should approve FLSA settlements that "reflect[] a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'"  *Saman v. LBDP, Inc.*, No. DKC-12-1083, 2013 WL 2949047, at *2 (D. Md. June 13, 2013) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

Although the Fourth Circuit has not directly considered the factors to be addressed in determination of settlement approval, district courts in the Fourth Circuit generally have applied the factors set forth in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).  *Saman*, 2013 WL 2949047, at *3 (collecting cases).  Those considerations include: (1) whether FLSA issues are actually in dispute; (2) the fairness and reasonableness of the settlement in light of the relevant factors such as the stage of litigation and extent of discovery; and (3) the reasonableness of the attorneys' fees, if included in the agreement.  *Id.* (citations omitted); *see also Lane v. Ko-Me, LLC*, No. DKC-10-2261, 2011 WL 3880427, at *2–3 (D. Md. Aug. 31, 2011); *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-cv-1310, 2009 WL 3094955, at *10 (E.D. Va.

3

Sep. 28, 2009).  These factors are most likely to be satisfied where there is an "assurance of an adversarial context" and the employee is "represented by an attorney who can protect [her] rights under the statute."  *Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 408 (D. Md. 2014) (quoting *Lynn's Food Stores*, 679 F.2d at 1354).

The Court finds that approval is proper, under the *Lynn* factors, as the Settlement Agreement reflects a fair and reasonable resolution of a bona fide dispute between the parties.

### I.       There Is a Bona Fide Dispute Between the Parties.

To determine whether a bona fide dispute exists as to a defendant's liability under the FLSA, the Court should examine the pleadings in the case, along with representations and recitals in the proposed settlement agreement.  *See Duprey*, 30 F. Supp. 3d at 408 (citing *Lomascolo*, 2009 WL 3094955, at *16–17).  Disagreements over whether the defendant is an employer or the rates of pay and hours worked can constitute bona fide disputes over a defendant's liability.  *See id.*; *Fernandez v. Wash. Hosp. Servs., LLC*, No. AAQ-23-839, 2023 WL 4627422, at *2 (D. Md. July 19, 2023); *see also Smith v. David's Loft Clinical Programs, Inc.*, No. LKG-21-2341, 2022 WL 16553228, at *4 (D. Md. Oct. 31, 2022) (finding a bona fide dispute where plaintiffs alleged that they were misclassified as exempt employees under the FLSA and defendants said they relied on legal advice in making their classification); *Galizia v. Ricos Enters., Inc.*, No. DKC-21-2592, 2022 WL 374511, at *2 (D. Md. Feb. 8, 2022) (finding a bona fide dispute where defendants contested the number of hours plaintiffs worked); *Hernandez v. Microfit Auto Parts, Inc.*, No. TDC-19-0984, 2021 WL 1311579, at *4 (D. Md. Apr. 8, 2021) (finding a bona fide dispute where defendants denied plaintiff's claims of underpayment).

In their Joint Motion, the parties highlight the FLSA issues that constitute a bona fide dispute.  First, the Defendants deny all liability because they alleged that they fulfilled their

obligations and properly attempted to pay Plaintiff.  *See* ECF No. 25, at 4–10; ECF No. 37, at 2, 5.  Second, Defendants dispute that they are covered employers under the FLSA.  ECF No. 37, at 2, 5.  Finally, the parties disagree over whether liquidated and statutory damages are appropriate.  *Id.* at 5.  This Court has held that these issues are bona fide disputes.  Accordingly, a bona fide dispute exists between the parties under the FLSA.

## II.      The Settlement Agreement Is Fair and Reasonable.

In assessing whether a settlement is fair and reasonable, the Court should evaluate the following six factors:

> (1) [T]he extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of . . . counsel . . . ; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Saman*, 2013 WL 2949047, at *3 (second omission in original) (quoting *Lomascolo*, 2009 WL 3094955, at *10).  There is a "'strong presumption in favor of finding a settlement fair' that must be kept in mind in considering the various factors to be reviewed in making the determination of whether an FLSA settlement is fair, adequate, and reasonable." *Lomascolo*, 2009 WL 3094955, *10 (citation omitted).

The first factor asks courts to consider the extent to which discovery has taken place. When looking at this factor, courts assess whether the parties have "had adequate time to conduct sufficient discovery to 'fairly evaluate the liability and financial aspects of [the] case.'" *Lomascolo*, 2009 WL 3094955, at *11 (alteration in original) (quoting *In re A.H. Robins Co.*, 88 B.R. 755, 760 (E.D. Va. 1988)).  Here, at the time the parties reached agreement, discovery had only just begun.  However, because Plaintiff already knew exactly how much she was alleging she

5

was owed in unpaid wages, additional discovery for wage payment records was unnecessary.  ECF No. 37, at 6.  Therefore, being at an early phase of discovery does not adversely affect the parties' ability to "fairly evaluate" this case.  *See Lomascolo*, 2009 WL 3094955, at *11.  Additionally, by avoiding all parts of formal discovery, "resources that otherwise would have been consumed by the litigation [can be] made available for settlement, and the risk and uncertainties for both parties [can be] reduced."  *Duprey*, 30 F. Supp. 3d at 409.  As such, the first factor weighs in favor of approving the Settlement Agreement.

The second factor looks to the current stage of the proceedings.  Settlements can be found to be fair where proceeding further would be difficult and costly, and the parties would prefer to end proceedings before significant investment in litigation.  *See*, *e.g.*, *Black v. Reviera Enters., Inc.*, No. DLB-19-201, 2020 WL 6544820, at *2 (D. Md. Nov. 6, 2020) (holding that a settlement agreement was fair and reasonable where parties recognized remaining discovery would require significant investment of time, effort, and financial resources); *Saman*, 2013 WL 2949047, at *4 (finding that the parties' representation that they chose to settle "to avoid the costs of formal discovery, dispositive motions, and a possible trial" supported a finding that the settlement agreement was fair and reasonable).  Here, the parties note that had this case not settled, they would have engaged in extensive enterprise coverage discovery which would have been akin to a financial audit of Defendants' business.  ECF No. 37, at 7.  This additional discovery would have been "laborious and costly."  *Id.*  Given the additional expense of proceeding with litigation and the parties' joint preference to terminate proceedings early rather than bear the risk of proceeding to trial, this factor weighs in favor of approving the Settlement Agreement.

The third factor assesses whether there has been fraud or collusion in the formation of the settlement.  Both parties are represented and there are no facts before the Court that suggest fraud

or collusion, allowing the "presumption that no fraud or collusion occurred between counsel[.]" *Lomascolo*, 2009 WL 3094955, at \*12. Accordingly, this factor weighs in favor of approving the Settlement Agreement.

Under the fourth factor, courts look to the experience of counsel. Generally, where counsel is well-versed in the underlying law, courts presume that clients have been appropriately advised on the merits and challenges associated with settlement. *See Hackett v. ADF Rest. Invs.*, 259 F. Supp. 3d 360, 366 (D. Md. 2016) (finding a fair and reasonable settlement where counsel had litigated numerous lawsuits involving wage and hour violations). Here, Plaintiff is represented by Howard B. Hoffman and Jordan S. Liew of Hoffman Employment Law, LLC, who have over thirty years of experience practicing law and have experience with FLSA cases. ECF No. 37, at 7; ECF No. 37-2, at 5, 7–8. This Court has recognized these attorneys as competent and experienced in FLSA matters. *See, e.g.*, *White v. LLPD, LLC*, No. DLB-18-2900, 2021 WL 195335, at \*2 (D. Md. Jan. 20, 2021); *Dominguez v. Microfit Auto Parts, Inc.*, No. CBD-18-0534, 2019 WL 423403, at \*3 (D. Md. Feb. 4, 2019). Therefore, the Court is satisfied that Plaintiff's counsel is sufficiently experienced in litigating similar matters, and this factor weighs in favor of approving the Settlement Agreement.

The fifth factor requires the Court to consider the opinions of counsel. Counsel's opinion that the expense and potential duration of litigation weighs in favor of early settlement lends credence to a proposed settlement agreement. *See Castro v. Early Learning Language Acads., LLC*, No. CBD-18-2421, 2021 WL 915106, at \*4 (D. Md. Mar. 9, 2021). In their Joint Motion, counsel for both parties aver that settlement is reasonable because, "Plaintiff is recovering, in total 1.82x her base damages." ECF No. 37, at 8. Given that Defendants dispute their liability and the applicability of liquidated and statutory damages, Plaintiff could have recovered significantly less

7

at trial. *See Dominguez*, 2019 WL 423403, at *6 (finding a settlement agreement reasonable where the outcome at trial was unpredictable for both parties). While "counsel's opinion and recommendation as to the fairness and reasonableness of a settlement is not to be blindly followed," *Saman*, 2013 WL 2949047, at *5 (quoting *Lomascolo*, 2009 WL 3094955, at *12), their representations in this case weigh in favor of approving the Settlement Agreement. For the same reason, the sixth factor—the probability of Plaintiff's success and the relationship between the amount of the settlement and the potential recovery—weighs in favor of approving the Settlement Agreement.

Upon consideration of the relevant factors, the Court finds the Settlement Agreement to be fair and reasonable.

### III.    The Settlement Agreement Awards Reasonable Attorneys' Fees.

"FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Portillo v. Intipuqueno Rest.*, No. PWG-15-3909, 2019 WL 979627, at *4 (D. Md. Feb. 28, 2019) (quoting *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009)). To this end, "the wronged employee should receive [her] full wages plus the penalty without incurring any expense for legal costs." *Silva*, 307 F. App'x at 351 (quoting *Maddrix v. Dize*, 153 F.2d 274, 275–76 (4th Cir. 1946)).

"The starting point in evaluating the reasonableness of attorneys' fees in FLSA cases is the lodestar approach." *Perez v. Progressive Logistics Servs., LLC*, No. PWG-14-3303, 2015 WL 8327973, at *4 (D. Md. Dec. 8, 2015) (citing *Lyle v. Food Lion, Inc.*, 954 F.2d 984, 988 (4th Cir. 1992)). The lodestar approach multiplies "the number of hours reasonably expended . . . by a reasonable hourly rate" to achieve "an objective basis on which to make an initial estimate of the

value of a lawyer's services." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  Under the lodestar

approach, an hourly rate "is reasonable if it is 'in line with those prevailing in the community for

similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Duprey*,

30 F. Supp. 3d at 412 (quoting *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984)).  This Court uses

the Fitzpatrick Matrix as adjusted annually, with a reduction of five to twenty percent to reflect

the differences between the legal markets in Washington, D.C. and Maryland, as a useful guideline

to assess the reasonableness of attorneys' fees.  D. Md. Local R. App. B(3).

Here, the parties have agreed that Defendants will pay Plaintiff's Counsel the total sum of

$21,200, paid over five months.  ECF No. 37, at 8.  According to the Joint Motion, Plaintiff's

Counsel incurred "no less than $400 in costs."  ECF No. 37, at 10; ECF No. 37-2, at 3.

Additionally, the Joint Motion and attached declaration state that Howard B. Hoffman, an attorney

with twenty-seven years of experience, Jordan S. Liew, an attorney with ten years of experience,

and Devorah L. Sklute, a paralegal, spent seventy-nine hours working on the case, which included:

"[i]n-depth research of the ownership of Suburban Dental"; investigating "management and

membership control" of Defendants; drafting and filing pleadings in federal court; drafting the

opposition to Defendants' Motion to Dismiss; engaging in settlement negotiations; and drafting

the Joint Motion.  *Id.* at 9–10; ECF No. 37-2, at 2–3.  Based on the length and specific requirements

of the case, the number of hours is reasonable.  While Mr. Hoffman's attached declaration of

support does not list the rates of those who worked on the case, dividing the total amount of fees,

$20,800, by the total number of hours, results in an hourly rate of $263.29, which is well within

the attorneys' fees rates set forth in the Fitzpatrick Matrix and reduced by twenty percent.  *See*

Local Rules. D. Md. Local R. App. B(3); U.S. Att'y's Off. for D.C., Civil Div., The Fitzpatrick

Matrix, https://www.mdd.uscourts.gov/sites/mdd/files/fitzpatrick-matrix.pdf (last visited Apr. 30,

2026).  Even assuming this rate is higher than the presumptively reasonable rates, this Court has found higher rates reasonable in FLSA settlements when all parties have agreed to them.  *See, e.g.*, *Flores v. Diverse Masonry Corp.*, No. LKG-23-3215, 2024 WL 2863575, at *6 (D. Md. June 6, 2024); *Hernandez v. Nelson Precast Prods.*, LLC, No. LKG-21-2814, 2023 WL 7089919, at *7 (D. Md. Oct. 26, 2023).  Importantly, here, "none of these attorneys' fees will be deducted from Plaintiff's award of unpaid . . . wages and liquidated damages." *Flores*, 2024 WL 2863575, at *6; ECF No. 37, at 8 (This amount [of attorneys' fees and costs] was negotiated separately and secondarily, and only after the Parties had reached an agreement as to Plaintiff's recovery). Therefore, the Settlement Agreement awards reasonable attorneys' fees and costs.

### CONCLUSION

For the reasons stated above, the Settlement Agreement constitutes a fair and reasonable compromise of the parties' bona fide dispute under the FLSA and the attorneys' fees and costs provided for in the Settlement Agreement are reasonable.  Therefore, the Court:

1)  Grants the parties' Joint Motion for Approval of Settlement, ECF No. 37;

2)  Approves the Settlement Agreement;

3)  Awards Plaintiff $8,800 in liquidated damages; and

4)  Awards Plaintiff's counsel $21,200 in attorneys' fees and costs.

The Court shall retain jurisdiction over this matter to enforce the terms of the Settlement Agreement.

So ordered.

 5/4/2026                                                                         /s/
Date                                                        Ajmel A. Quereshi
                                                            United States Magistrate Judge